IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>PAUL M. MORLAS, JR.,<br><br>            Debtor,<br>_____<br>MICHAEL F. BURKART, Chapter 7 Trustee<br><br>            Plaintiff,<br><br>                v.<br><br>BARONET & CO., INC., a California Corporation; SUISUN CITY/BREEZEWOOD, L.P., a California Limited Partnership; and DOES 1 to 20 inclusive,<br><br>            Defendants.<br>_____/ | Bankruptcy Case No. 08-24692<br>District Court No. 09-cv-695-JAM-DAD<br>Adv.Pro.No. 08-02360<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR FEES AND COSTS |

   This matter comes before the Court on Plaintiff Michael F. Burkart's ("Plaintiff's") motion for an award of attorneys' fees and costs. Defendant Baronet & Co. ("Defendant") opposes the motion, and brings a cross motion for fees. For the reasons set forth below, Defendant's cross motion for attorneys' fees is DENIED and Plaintiff's motion for attorneys' fees is GRANTED, in part.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This motion arises from an action brought by Plaintiff, as the Chapter 7 trustee, against Defendant, for money owed to debtor Paul Morlas ("Debtor") pursuant to a construction subcontract agreement ("the subcontract"). Following a jury trial, in which Defendant also brought counter claims, the jury awarded a judgment of $72,874.43 to Plaintiff, and no money to Defendant. Plaintiff now seeks to be declared the prevailing party and seeks an award of attorneys' fees, statutory and non-statutory costs, pre- and post- judgment interest, and costs of enforcement.

II.   OPINION

A. <u>Legal Standard</u>

1. <u>Prevailing Party</u>

There is no general right to recover attorney's fees under the Bankruptcy Code. <u>Renfrow v. Draper</u>, 232 F.3d 688, 693 (9th Cir. 2000). However, because state law necessarily controls an action on a contract, a party to such an action is entitled to an award of fees if the contract provides for an award and state law authorizes fee shifting agreements. <u>Id</u>. California Civil Code § 1717(a) states that where attorney's fees and costs are authorized by contract, the fees should be awarded to the prevailing party. Additionally, California Civil Code

2

§ 1717(b)(1) states that the court will decide who is the prevailing party, or that no one party prevails. The prevailing party is the party that recovered greater relief in an action on the contract. Cal. Civil Code § 1717(b)(2). In a contract case, typically a determination of no prevailing party results when both parties seek relief, but neither prevails, or when the ostensibly prevailing party receives only a part of the relief sought. Hsu v. Abbara, 9 Cal.4th 863, 875 (1995). When the results of the litigation on the contract claims are not mixed, a trial court has no discretion to deny attorney fees to the successful litigant. Id. at 875-76.

Section 24 of the subcontract at issue in this case states that:

> In the event the parties become involved in litigation or arbitration with each other arising out of this Agreement or other performance thereof in which the services of an attorney or other expert are reasonably required, the prevailing party shall be fully compensated for the costs of its participation in such proceedings, including the cost incurred for attorneys' fees and experts' fees. Unless judgment goes by default, the attorneys' fees award shall not be computed in accordance with any court schedule, but shall be such as to fully reimburse all attorneys' fees actually incurred in good faith, regardless of the size of the judgment, it being the intention of the parties to fully compensate for all attorneys' fees and experts' fees paid or incurred in good faith.

Here, in resolving the dispute which arose from the subcontract, the jury awarded Plaintiff money damages, and did not award any money to Defendants. Moreover, Plaintiff received substantially everything that he requested in the suit. Specifically, Plaintiff sought recovery of $95,006.35, and received a judgment of $72,874.43, thus receiving approximately

77% of the amount sought. Defendant did not receive any monetary award from the jury, and did not prevail on any of the counterclaims.

Thus, while both parties claim to be the prevailing party for purposes of recovering fees, the Court finds that Plaintiff is the prevailing party and entitled to fees. Accordingly, Defendant is not the prevailing party and its motion for fees is DENIED.

2. Calculating Fees

The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Ninth Circuit requires a district court to calculate an award of attorney's fees by first calculating the "lodestar." See Caudle v. Bristow Optical Co. Inc., 224 F3d 1014, 1028 (9th Cir. 2000). "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Caudle, 224 F.3d at 1028 (citing Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). The lodestar should be presumed reasonable unless some exceptional circumstance justifies deviation. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1998). As the Ninth Circuit has indicated, "a district court should exclude from the lodestar amount hours that are not

reasonably expended because they are excessive, redundant, or otherwise unnecessary." <u>Van Gerwen v. Guarantee Mutual Life Co.</u>, 214 F.3d 1040, 1045 (9th Cir. 2000) The Court is under an independent duty to reach its own "lodestar" value. <u>Hensley</u>, 461 U.S. at 433.

After computing the lodestar, the district court is to assess whether additional considerations enumerated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F. 2d 67, 70 (9th Cir. 1975), <u>cert denied</u>, 425 U.S. 951 (1976), require the court to adjust the figure. The <u>Kerr</u> facts are: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent;  (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of professional relationship with the client; and (12) awards in similar cases. <u>Kerr</u>, 526 F.2d at 70.

3. <u>Plaintiff's Attorneys' Fees</u>

Plaintiff requested reimbursement for a total of 716.50 hours for the work of nine attorneys and paralegals, amounting

5

to a total fee of $195,049.50. The Court does not find it reasonable to have had this many attorneys and paralegals working on this matter. Therefore, the Court will only award the time billed by attorneys Daniel Egan, Natalie Johnston, and Steven Williamson, and paralegal Sharon Brazell. These four individuals performed the majority of the work for this case. Having reviewed the attorneys' fees timesheets and accompanying declaration, hearing oral argument, and taking into account the Kerr factors, the Court finds that the 274.1 hours at the hourly rates of $335.00 (18.3 hours), $350.00 (97.2 hours) and $370.00 (158.60 hours) sought by Plaintiff's lead attorney, Daniel Egan, are reasonable. Thus the Court awards the total sum of $98,832.50 for Mr. Egan's work. The Court also finds that the hourly rate of $150.00, for 69.20 hours billed by paralegal Sharon Brazell is reasonable. Accordingly, the Court awards fees for paralegal Ms. Brazell of $10,380.00. However, the Court finds the 306.6 hours billed by attorneys Natalie Johnson and Steven Williamson to be excessive, and therefore reduces the number of hours billed. Ms. Johnston's work was billed at an hourly rate of $200.00 for 52.60 hours and $210.00 for 27.00 hours. Mr. Williamson work was billed at an hourly rate of $240.00 for 227.10 hours. The Court awards $48,000 for Mr. Williamson's work (200 hours at $240) and $10,000 for Ms. Johnston's work (50 hours at $200).  The total award for Ms.

Johnston's and Mr. Williamson's work is $58,000.00. In sum, the attorneys' fees awarded to Plaintiff for this matter through April 12, 2010 are $167,212.50.

The Court further awards attorneys' fees incurred after April 12, 2010. The Court will not award the full $21,889.50 sought by Plaintiff for post-trail fees, finding the hours excessive and redundant. The Court will only award fees for post trial work performed by attorney Daniel Egan. The Court awards fees in the amount of $814.00 for Mr. Egan's work on the Motion to Amend, $7,625.00 (25 hours at $305) for Mr. Egan's work on Plaintiff's fee motion, and $3,050.00 (10 hours at $305) for his work on the reply brief, for a total additional award of $11,489.00 in post-trial attorney's fees.

### 4. Statutory Costs

The parties agree that Plaintiff is entitled to an award of statutory costs pursuant to 28 U.S.C. § 1920. Plaintiff has submitted a Bill of Costs detailing statutory costs in the amount of $1,339.90. Accordingly, the Court awards statutory costs in the amount of $1,339.90.

### 5. Non-Statutory Costs

Plaintiff also seeks non statutory costs, pursuant to the terms of the subcontract that authorized compensation of all

costs incurred. Having reviewed Plaintiff's Bill of Costs, the Court awards non-statutory costs in the amount $2,948.03, plus an additional $1,244.56 for post-trial costs, for a total of $4,192.56 in non-statutory costs. In determining its award, the Court has excluded meals and parking from the Plaintiff's Bill of Costs.

### 6. Pre-judgment Interest

Plaintiff seeks an award of pre-judgment interest at the statutory rate of 10% per annum, pursuant to California Civil Code Section 3287(a), or in the alternative, Section 3287(b). California Civil Code Section 3287(a) authorizes pre-judgment interest for "every person who is entitled to recover damages certain, or capable of being made certain by calculation, the right to recover which is vested in him on a particular day. Section 3287(b) authorizes prejudgment interest, "for every person who is entitled under any judgment to receive damages based on a upon a cause of action in contract where the claim was unliquidated. . . from a date prior to the entry of judgment, as the court may in its discretion, fix, but in no event earlier than the date when the action was filed."

Pre-judgment interest pursuant to Section 3287(a) should be awarded from the time of the breach of the contract. Nat'l Farm Workers Serv. Ctr. v. M. Caratan, 146 Cal. App. 3d 796, 810-12 (Cal. App. 5th Dist. 1983). The existence of a bona fide dispute between the parties as to the amount owing under an express contract does not render the sum 'unliquidated.' Id. at 810

(internal citations omitted). The rational behind Section 3287 is that where a defendant does not know the amount he owed and cannot ascertain it except by accord or judicial process, he cannot be in default for not paying it. Id. at 811 (internal citations omitted). However, where the defendant possesses the relevant records and knows how much is owing on the contract, the Court in Nat'l Farmworkers held that pre-judgment should be awarded from the date of the breach of the contract. Even if the plaintiff is awarded less than the amount sought, the excessive prayer should not serve to defeat an award of pretrial interest, as plaintiff is merely safeguarding their interests. Id. at 811.

Here, the jury found that there was a bonafide dispute between the parties, over the amount owing pursuant to the contract. However, as noted in Nat'l Farmworkers, this does not render the sum unliquidated. The sum owing under the subcontract agreement was an amount capable of being made certain by calculation. The Court finds that pre-judgment interest is appropriate in this case. Accordingly, the Court awards pre-judgment interest from the date the money was due under the contract, May 20, 2008, to the date that judgment was entered, April 13, 2010, at a rate of 10% per year, for a total award of $13,836.16.

7. Post-judgment Interest and Costs of Enforcement

Plaintiff also seeks an award of post-judgment interest at the federal rate, from the date of the judgment to the date of satisfaction of the judgment, as well as costs of enforcement. At the hearing, on July 7, 2010, the Court noted with concern

9

that the judgment awarded on April 13, 2010 still had not been paid. Accordingly, the Court grants Plaintiff's request and hereby amends the judgment to include an award of post-judgment interest at the federal rate, from the date of the judgment to the date of satisfaction of the judgment, as well as costs of enforcement.

## III. ORDER

For the reasons set forth above, Plaintiff's Motion for Attorneys' Fees and Costs is GRANTED, in part. The Court hereby awards $178,701.50 in attorneys' fees, $1,339.90 in statutory costs, $4,192.56 in non-statutory costs, $13,836.16 in pre-judgment interest, post-judgment interest at the federal rate and costs of enforcement.

Defendant's cross motion for attorneys' fees is DENIED.

The judgment dated April 13, 2010 is amended to include the aforementioned costs, attorneys' fees, pre- and post- judgment interest, and costs of enforcement.

IT IS SO ORDERED.

Dated:  August 5, 2010

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE